UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MONTRELL D. GREEN,

    Plaintiff,

v.                                      Case No. 3:24cv125-TKW-HTC

RICKY DIXON, SECRETARY
OF FLORIDA DEPARTMENT
OF CORRECTIONS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Montrell D. Green, proceeding *pro se*, initiated this action on or about March 21, 2024, by filing a handwritten "Formal Complaint," purporting to assert claims for Eighth Amendment violations. Doc. 1. Plaintiff, however, did not file a motion to proceed *in forma pauperis* or pay the filing fee, despite being provided multiple opportunities to do so. Thus, the undersigned recommends this case be dismissed for Plaintiff's failure to prosecute or failure to comply with Court orders. Also, upon review, the Court finds Plaintiff failed to truthfully disclose his litigation history, which serves as an independent ground for dismissal.

## I.   FAILURE TO PROSECUTE OR COMPLY WITH ORDERS

On March 25, 2024, the Court directed Plaintiff to, within twenty-one (21) days, either file a motion to proceed *in forma pauperis* or pay the $405.00 filing fee.[1] Doc. 3.  The order expressly warned Plaintiff that his failure to comply with the Court's directives could result in a recommendation of dismissal. Doc. 3 at 3. Despite an extension of time, Plaintiff failed to submit either the filing fee or motion, thus the Court issued an order giving Plaintiff an additional fourteen (14) days to show cause why this case should not be dismissed due to his failure to comply with the Court's March 25 order.  Doc. 6.  To date, Plaintiff has failed to pay the filing fee, file a motion to proceed *in forma pauperis*, or otherwise respond to the show cause order.

Based on the foregoing, dismissal of this case is appropriate.  *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.") (citations omitted); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under [Federal Rule of Civil Procedure 41(b)] for failure to prosecute or failure to obey a court order.") (citations omitted).

---

[1] The Court also directed Plaintiff to file an amended complaint, which he did.

Case No. 3:24cv125-TKW-HTC

## II. FAILURE TO DISCLOSE PRIOR CASE

As an additional and independent cause for dismissal, Plaintiff also failed to truthfully disclose his complete litigation history in his amended complaint, Doc. 7.[2]

Section VIII.C of Plaintiff's complaint form asks, "Have you filed any other lawsuit, habeas corpus petition, or appeal in state or federal court either challenging your conviction or relating to the conditions of your confinement?" *Id.* at 10 (emphasis omitted). Although Plaintiff answered, "Yes," to this question and disclosed several cases, the Court takes judicial notice that Plaintiff failed to disclose at least one case, *Green v. Griffin et al.*, No. 3:14-cv-00044-HLA-JK (M.D. Fla. Apr. 4, 2014).[3] This case, which dealt with the conditions of Plaintiff's confinement, was dismissed prior to service and, thus, Plaintiff should also have disclosed it in response to Section VIII.A of the complaint form, which asks Plaintiff to identify cases which have been dismissed as "frivolous, malicious, failure to state a claim, or prior to service." Doc. 7 at 9.

Despite the above misrepresentations, Plaintiff signed the complaint form "under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." *See id.* at 12. The complaint form also warned Plaintiff that "***failure to disclose all prior state and***

---

[2] Plaintiff's initial complaint was not on this Court's required form and although Plaintiff replicated many sections of the form, he did not include a litigation history section. Doc. 1.
[3] This is not intended to be an exhaustive list of the cases Plaintiff has failed to disclose.

***federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.***" Doc. 7. at 8 (emphasis in original).

Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. And if Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. As one district judge from this District stated, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, at ECF Doc. 52 (N.D. Fla. June 7, 2020) (dismissing plaintiff's complaint for failure to disclose prior lawsuits).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute and failure to comply with Court orders, as well as for failure to truthfully disclose his prior litigation history.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 28th day of May, 2024.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 3:24cv125-TKW-HTC