UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MONTRELL D. GREEN,
    Plaintiff,

vs.                                        Case No.: 3:24cv125/TKW/HTC

RICKY DIXON, SECRETARY
OF THE FLORIDA DEPARMENT
OF CORRECTIONS,
    Defendant.
_____/

## **ORDER**

This case is before the Court based on the magistrate judge's Report and Recommendation (R&R) (Doc. 8) and Plaintiff's objections (Doc. 10). The Court reviewed the issues raised in the objections de novo as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's recommended disposition of this case.

The R&R recommended that this case be dismissed without prejudice for two independent reasons: (1) Plaintiff's failure to prosecute and failure to comply with court orders, *see* N.D. Fla. Loc. R. 41.1; and (2) Plaintiff's failure to accurately disclose his litigation history, *see* 28 U.S.C. §1915A(b)(1); *Burrell v. Warden*, 857 F. App'x 624, 625 (11th Cir. 2021). The first ground was based on Plaintiff's failure to timely pay the filing fee or file a motion to proceed in forma pauperis (IFP). After the R&R was issued (and well after the deadlines established by the magistrate

judge), Plaintiff filed a motion to proceed IFP.  *See* Doc. 9.  Even if the untimely filing of that motion was sufficient to overcome the first ground in the R&R, dismissal would still be appropriate based on the second ground.

With respect to the second ground, the Court did not overlook that Plaintiff purported to provide "the last previous case of the litigation history" in his objections.  However, that is not sufficient to avoid dismissal because allowing Plaintiff to now disclose additional cases that he should have disclosed in his complaint "would amount to no penalty for his inexcusable failure to disclose his litigation history and would not serve as a deterrent to Plaintiff and others from falsely answering the questions on the civil rights complaint form."  *Merritt v. Dep't of Corr.*, 2020 WL 6703794, at *1 (N.D. Fla. Nov. 13, 2020).

The Court also did not overlook Plaintiff's claim that he "cannot always recall all information from the past due to a gunshot wound to the head."  However, even if that is true, it is not sufficient to avoid dismissal because "it would make a mockery of the litigation history questions and the duty of candor owed to the Court if an inmate could simply blame his failure to truthfully answer those questions on his failing memory …."  *Bashir v. Meherg*, 2022 WL 4471965, at *1 (N.D. Fla. Sept. 26, 2022).

Accordingly, for the reasons stated above, it is **ORDERED** that:

1. The magistrate judge's R&R is adopted and incorporated by reference in this Order.

2. This case is **DISMISSED without prejudice** as malicious and an abuse of process under 28 U.S.C. § 1915A(b)(1).

3. Plaintiff's motion to proceed IFP (Doc. 9) is **DENIED as moot**.

4. The Clerk shall enter judgment in accordance with this Order and close the case.

**DONE and ORDERED** this 14th day of June, 2024.

_____
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**